UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KATHLEEN SHANLEY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  07-12247-RCL |
| | ) | |
| DANIEL CADLE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION ON MOTION TO VACATE INJUNCTION

October 14, 2010

SOROKIN, M.J.

  The Court (Lindsay, J.), on December 7, 2007, with the assent of the parties, issued an injunction restraining the defendants from "engaging in any activity that attempts to collect consumer debt in Massachusetts for which a license to engage in such activity is required by the laws of the Commonwealth."  Docket #9.  At that time, in a separate case against defendants brought by the Attorney General of Massachusetts, the defendants agreed to a stipulated order providing that the defendants could collect debt in Massachusetts if they used the services of a licensed debt collector or a licensed Massachusetts attorney.

  After the entry of the above orders, the state lawsuit was settled by way of a consent judgment which defendants report contained no admission of liability.  Thereafter, the Cadle

Company applied for a license from the Division of Banks.  In August 2010, its request was granted and the license issued.  In light of that license decision, defendants request the Court to vacate the injunction.  Plaintiffs oppose.

The injunction, by its terms, prohibited activity for which a license was required under state law.  The Cadle Company now possesses such a license.  The related defendants may continue to collect debt as they were permitted to do under the injunction, through the services of a licensed debt collector or a licensed attorney, however, now, absent the injunction, the Cadle Company can serve as the licensed debt collector.  Plaintiffs oppose the Motion contending that the defendants have violated the injunction as well as other regulatory orders.  However, this Court has never determined that any defendants violated the terms of the injunction (and the conduct cited predates August, 2010 when the license issued).  Moreover, Plaintiffs contend that the restraining order remains necessary "to prevent unlicensed debt collection by Mr. Cadle and his unlicensed affiliates."  Docket #83 at 4.  That argument misses the point.  The Cadle Company now possesses a license to engage in debt collection.

CONCLUSION

Accordingly, I recommend that the Court ALLOW the Motion to Vacate Assented-To Injunction (Docket # 80).[1]

        /s/ Leo T. Sorokin
Leo T. Sorokin
United States Magistrate Judge

---

[1] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The Parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).