UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHANLEY, et al., | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Civil Action No. 07-12247-GAO |
| CADLE, et al., | ) | |
|     Defendants. | ) | |
| MARTEL, et al., | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Civil Action No. 08-10388-GAO |
| CADLE, et al., | ) | |
|     Defendants. | ) | |
| SOROKO, et al., | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Civil Action No. 10-11788-GAO |
| THE CADLE CO., et al., | ) | |
|     Defendants. | ) | |

(continued on next page)

|                          | )   |
| ------------------------ | --- |
| PILALAS, et al.,         | )   |
|                          | )   |
|    Plaintiffs, | )   |
|                          | )   |

```
                                      )
PILALAS, et al.,                      )
                                      )
         Plaintiffs,                  )
                                      )
v.                                    )      Civil Action No. 09-11972-GAO
                                      )
THE CADLE CO., et al.,                )
                                      )
         Defendants.                  )
                                      )
```

ORDER

December 3, 2010

SOROKIN, M.J.

On November 5, 2010, this Court entered an order establishing a schedule for briefing of various motions for the purpose of resolving (or moving substantially toward resolution) all of the above-entitled actions. See Docket # 91.[1]

The written submissions and oral comments by counsel in the course of the crafting of that schedule raised a potential issue regarding whether Attorney Jan Schlichtmann's appearance in these cases creates a conflict of interest, or is otherwise in violation of the rules of professional conduct governing lawyers. See, e.g., Docket # 89 at 5-6. Because of the significance of this issue to the Court, the Parties (particularly to Attorney Schlichtmann's clients) and Attorney Schlichtmann, the Court directed the Parties to address the issue promptly. Docket # 91 at 4. They have now done so. Docket #s 92, 95.

---

[1] Citations are to the docket of the longest-pending case, Shanley et al. v. Cadle et al., Civil Action No. 07-12247-GAO.

Attorney Schlichtmann has appeared in three of the four above-entitled actions as counsel for individual plaintiffs.[2] Attorney Schlichtmann's response does not dispel the Court's concern regarding the potential for a conflict of interest.

Rule 1.7(b) of the Massachusetts Rules of Professional Conduct (codified in Supreme Judicial Court Rule 3:07) provides in relevant part that, "[a] lawyer shall not represent a client if the representation of that client may be materially limited by . . . the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation."

Comment [6] thereto, entitled "Lawyer's Interests," notes that, "[t]he lawyer's own interests should not be permitted to have an adverse effect on representation of a client . . . If the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice."

Comment [5] thereto, entitled "Consultation and Consent," provides in relevant part that, "A client may consent to representation notwithstanding a conflict. However . . . when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent."

On June 29, 2010, a jury of the Essex County Superior Court found Attorney Schlichtmann personally liable to the Cadle Company (a defendant in each of the four above-entitled actions) in the amount of $149,000.00 for publishing defamatory statements about the

---

[2] Attorney Schlichtmann has not appeared to date in Pilalas v. Cadle, et al., 09-cv-11972-GAO. Although each is a proposed class action, whether or not the Court will certify classes and what counsel will represent any such classes are issues not presently ripe.

Cadle Company with knowledge of their falsity and with a reckless disregard for the truth. Docket # 95-2. With interest, that judgment has accumulated to approximately $250,000.00. Docket # 89 at 5. Schlichtmann has appealed this judgment and that appeal is presently pending. Docket # 92 at 8.

In the Court's view, these facts standing alone create a serious question regarding whether Attorney Schlichtmann's representation of his clients during the course of this litigation will be "materially limited . . . by the lawyer's own interests." Several facts heighten the Court's concern.

    1. The above-entitled actions are each purported class actions;

    2. On February 24, 2007, Hon. Ralph D. Gants, Associate Justice of the Massachusetts Supreme Judicial Court (at that time, presiding in the Business Litigation Section of Suffolk Superior Court as a Justice of the Superior Court) stated in relevant part in the course of denying a motion to impose costs with regard to Attorney's Schlichtmann's conduct in a related case[3] then pending before him,

> "I'm not going to impose costs with respect to it, but I do worry, Mr. Schlichtmann, about your judgment in these matters because, frankly, bringing a motion based on that letter is poor judgment. Your argument is far above what that type of letter should warrant and I think you need to step back and think about whether or not you have gotten too close to this case to exercise good judgment. Because I see this and, frankly, I worry . . . This case will have an end and the end will be either a resolution on summary judgment or a resolution at trial with regard to Mr. Soroko's claims. That's what this case right now is about and it's not about a feud that you may be having with Mr. Cadle and I worry that [you're] confusing your own feud with Mr. Cadle with what is now left of this case . . . You've lost your way, Mr. Schlichtmann. I think you need to step back and consider whether or not your judgment in this case is so – has been so affected by your personal vendetta with Mr. Cadle that have you begun to exercise poor judgment."

---

[3] Chase et al. v. Cadle Company, Civil Business No. SUCV 2004-375.

Docket # 95-1 at 5-8.

3. On September 25, 2007, Hon. Robert Somma of the United States Bankruptcy Court stated in In Re Schlichtmann, 375 B.R. 41 (D.Mass.2007), made a factual finding with regard to Attorney Schlichtmann's course of conduct toward the Cadle Company that Schlichtmann "turned his life into a crusade against TCC [i.e., the Cadle Company]," has "attacked TCC in the press, on the internet, and in court and administrative proceedings, as a party in his own right, and as counsel to others." Id. at 98. The Court also noted that Cadle "reasonably concluded" that these actions "were intended by Schlichtmann to harass [Cadle and his companies], to harm and interfere with their business, to shut them down if possible, and to pressure them into agreeing to pay a sizable settlement to Schlichtmann to make him go away." Id. at 81.

4. Attorney Schlichtmann stated in the memo he filed in response to the Court's November 5, 2010, Order that the "outcome of that matter [the appeal from the Essex Superior Court judgment] is completely irrelevant to anything that is at issue in the matters before [this] Court," Docket # 92 at 8. The Court disagrees. When a lawyer owes a substantial monetary judgment to a defendant based upon a final judgment after trial, as is the case here, those facts at least raise a concern under Rule 1.7 when the lawyer represents persons suing that defendant.

5. Attorney Schlichtmann states in his affidavit that: "[m]y Clients are fully familiar with all the facts and circumstances regarding my history of vigorous concerted and dedicated service to them and others regarding the matters at issue in these related cases. My Clients have voluntarily and with full knowledge of the pertinent facts and circumstances insisted that I remain as their Counsel." Docket # 93 at ¶ 20. Unfortunately, this assertion is vague and

5

ambiguous because the Court, in light of his simultaneous assertion that the Essex Superior Court judgment against him is completely irrelevant (See ¶ 4, supra), does not know what Attorney Schlictmann considers to be "the pertinent facts and circumstances."

At present, the Court has not resolved the question of whether the conflict under Rule 1.7 is, or is not, subject to waiver. However, the facts known to the Court do create an issue under the Rule requiring further consideration. In particular the Court is interested in the reasons, and if appropriate, the facts or applicable law regarding at a minimum why the judgment will or will not affect Attorney Schlictmann's representation. For example, is there a basis to conclude based upon the size of the judgment relative to Attorney Schlictmann's financial position, or the likelihood of success on appeal (based upon specifically stated reasons, citations and argument not mere conclusory assertions) or for some other reason, that the judgment will not "materially limit" the representation or that the "representation will not be adversely affected" or that the conflict is the type of conflict to which a client may consent under the Rule.

Accordingly, it is ORDERED that:

1. Attorney Schlichtmann is to file with the Court an affidavit stating he reasonably believes his representation will or will not be adversely affected, along with an explanation of why he reached this conclusion.

2. Co-counsel with Attorney Schlichtmann (Attorney Orestes G. Brown and Attorney Peter A. Lagorio), shall also file affidavits with the Court stating whether each believes Attorney Schlichtmann's representation will or will not be adversely affected under the circumstances, along with an explanation of why each reached this conclusion.

Counsel shall file the affidavits required above by December 13, 2010. Counsel may, at

their option, supplement their present filing with further legal argument.  Any response by Defendants shall be filed by December 20, 2010.

                      SO ORDERED.

                      _/s / Leo T. Sorokin_
                      UNITED STATES MAGISTRATE JUDGE