UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12247-GAO

KATHLEEN SHANLEY, et al.,
Plaintiffs,

v.

DANIEL CADLE, et al.,
Defendants.

ORDER
March 31, 2011

O'TOOLE, D.J.

The magistrate judge to whom the matter was referred has filed a Report and Recommendation on Defendants' Motion to Vacate Assented-To Injunction, in which he recommends that the motion be granted and the injunction prohibiting the defendants from engaging in consumer debt collection activity be vacated. No objection to the magistrate judge's recommendation has been received, and the time for filing such objections has passed.

After review of the relevant pleadings and papers, I ADOPT the Report and Recommendation without change. The defendants' Motion to Vacate Assented-To Injunction (dkt. no. 80) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

KATHLEEN SHANLEY, et al.          )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )          Civil Action No. 07-12247-RCL
                                  )
DANIEL CADLE, et al.              )
                                  )
        Defendants.               )
                                  )

## REPORT AND RECOMMENDATION ON MOTION TO VACATE INJUNCTION

October 14, 2010

SOROKIN, M.J.

The Court (Lindsay, J.), on December 7, 2007, with the assent of the parties, issued an

injunction restraining the defendants from "engaging in any activity that attempts to collect

consumer debt in Massachusetts for which a license to engage in such activity is required by the

laws of the Commonwealth." Docket #9. At that time, in a separate case against defendants

brought by the Attorney General of Massachusetts, the defendants agreed to a stipulated order

providing that the defendants could collect debt in Massachusetts if they used the services of a

licensed debt collector or a licensed Massachusetts attorney.

After the entry of the above orders, the state lawsuit was settled by way of a consent

judgment which defendants report contained no admission of liability. Thereafter, the Cadle

Company applied for a license from the Division of Banks. In August 2010, its request was granted and the license issued. In light of that license decision, defendants request the Court to vacate the injunction. Plaintiffs oppose.

The injunction, by its terms, prohibited activity for which a license was required under state law. The Cadle Company now possesses such a license. The related defendants may continue to collect debt as they were permitted to do under the injunction, through the services of a licensed debt collector or a licensed attorney, however, now, absent the injunction, the Cadle Company can serve as the licensed debt collector. Plaintiffs oppose the Motion contending that the defendants have violated the injunction as well as other regulatory orders. However, this Court has never determined that any defendants violated the terms of the injunction (and the conduct cited predates August, 2010 when the license issued). Moreover, Plaintiffs contend that the restraining order remains necessary "to prevent unlicensed debt collection by Mr. Cadle and his unlicensed affiliates." Docket #83 at 4. That argument misses the point. The Cadle Company now possesses a license to engage in debt collection.

## CONCLUSION

Accordingly, I recommend that the Court ALLOW the Motion to Vacate Assented-To

Injunction (Docket # 80).[1]

/s/ Leo T. Sorokin
Leo T. Sorokin
United States Magistrate Judge

---

[1] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The Parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).